No. 595

## PARISH BROS. v. THOMPSON et al

Ohio Appeals, 7th District, Mahoning County
No. ——. Decided March 2, 1923

This opinion has not been published except in Abstract.

**BUILDING CONTRACTS—Construction of provision as to additions and disputes.**

POLLOCK, J.:

### Epitomized Opinion

Parish Brothers sued Thompson et al, members of Board of Education of Coitsville Township, to recover balance for constructing a school house. In the second trial Mahoning Common Pleas directed verdict for defendant, which is assigned as error. School Board had architect prepare plans and specifications for school house and advertised for bids. Parish Brothers' bid was accepted and contract made by which they agreed to build the school house for $53,953, subject to additions and deductions. Specifications provided basement to be a certain depth, and further, in all cases to excavate sufficiently "so that no work rests on poor soil." Rock was encountered in the excavation within the required depth for basement. In the first trial plaintiff recovered judgment, but the Court of Appeals reversed the judgment on the ground that under the contract Parish Brothers were required to excavate to the required depth for basement without any addition. The contract further provided that the architect should supervise and direct the work, interpret the conditions of the contract and within a reasonable time make decisions of all claims of owner or contractor. In the second trial Parish Brothers called as witness the architect, who was allowed to construe contract as to excavation. Court of Appeals in affirming judgment held:

1. Architect cannot construe this contract in court under the most liberal construction of his powers. This evidence was inadmissible.

2. Under the contract, until the excavation exceeded required depth. there were no additions and therefore Parish Brothers are not entitled to additional compensation, even though rock was encountered.

Attorneys—Moore, Barnum & Hammond, for Parish Brothers.

---

No. 596

## HINAMAN & HEDDEN v. BOWERS

Ohio Appeals, 9th District, Summit County
No. 627. Decided May 4, 1923

This opinion has not been published except in Abstract.

**CONTRACTS—When oral negotiations become binding agreements.**

Funk, Pardee and Washburn, JJ.

PER CURIAM.

### Epitomized Opinion

Action to recover damages for breach of contract to do excavating. Bowers recovered verdict and judgment against Hinaman & Hedden. The latter on error claim the testimony did not disclose that parties' minds had met to establish a contract was really made. At the beginning of negotiations it was understood there would be a written contract, but the evidence disclosed that later there was a definite agreement to dispense with the written contract and proceed with the work, Hinaman & Hedden maintained there could not be a binding contract unless the parties' minds met and agreed upon all points intended by either to be comprised in the contract. In affirming the judgment the Court of Appeals held:

1. The jury was right in finding that the minds of the parties met and agreed upon all matters concerning which they negotiated.

2. Where parties negotiate and agree upon certain things, there is a contract even though one party intended other related matters which were not mentioned to be included therein.

Dicta: 1. When it is definitely expressed and understood there is to be no contract until a formal writing is executed, no binding agreement is formed until then.

2. If all the terms of the agreement have not beeen settled and it is understood that the unsettled terms are to be determined by formal contract, there is no binding obligation till the writing is executed.

Attorneys—Mottinger & Evans, for Hinaman & Hedden; Rockwell & Grant, for Bowers.

---

## JALKANSON v. AM. CONSTRUCTION CO.

Ohio Appeals, 8th District, Cuyahoga County
No. 4438. Decided June 18, 1923

This opinion has not been published except in Abstract.

**WORKMEN'S COMPENSATION—Latest authority of Supreme Court followed.**

VICKERY, J.
Error to the Court of Common Pleas, Cuyahoga County

The Court of Appeals decided:

This case was held in abeyance by this court, inasmuch as there were suits pending in the Supreme Court which involved this question, and we would have been compelled to confirm the court below, on the authority of the Patten case, but since that court has overruled the doctrine laid down in the Patten and kindred cases, and held that there was a liability in cases similar to the one at bar, we are compelled to reverse the judgment of the court below and remand the case to the Common Pleas Court, basing our decision upon the authority of the case of the Ohio Automatic Sprinkler Co. v. Fender, 25 Abs. 467.

Attorneys—Payer, Winch, Minshall & Karsh, for Jalkanson; Day & Day, contra.